UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KENNETH HATTON and LORA HATTON, | ) ) ) |
| Plaintiffs, | ) Case No. ) 5:19-cv-020-JMH ) |
| v. | ) **MEMORANDUM OPINION** ) **AND ORDER** |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

\*\*\*

The parties clearly wish to litigate in different fora. Plaintiffs Kenneth Hatton and Lora Hatton ("the Hattons") want to litigate the case in state court. Defendant Nationwide Mutual Insurance Company ("Nationwide") would prefer a federal forum.

The parties have already fought one round in federal court. In that case, Nationwide was the Plaintiff and brought a declaratory judgment action against the Hattons as Defendants. The Court found that The Roark Agency, LLC, ("Roark") was not an indispensable party, but the Court used its discretion and refused to exercise jurisdiction in the declaratory judgment action. *Nationwide Mut. Fire Ins. Co. v. Hatton*, 357 F. Supp. 3d 598 (E.D. Ky. 2019) (hereinafter "*Hatton I*").

Now, a similar action is back before this Court, with the parties flipped. Here, the Hattons are the Plaintiffs and

Nationwide is the Defendant. The Court will refer to the present action as "*Hatton II*."

In *Hatton II*, there are pending motions to remand to state court and to dismiss the second amended complaint. Still, the discrete issue before the Court at present is whether Roark was served within the ninety-day time limit in Federal Rule of Civil Procedure 4(m) and, if not, whether the claims against Roark should be dismissed. After considering the parties' arguments, all claims against The Roark Agency, LLC, in the amended complaint are **DISMISSED WITHOUT PREJUDICE** because the Hattons failed to timely serve Roark, have not demonstrated good cause for the untimely service, and the relevant factors support dismissal of this action over permitting untimely service of process.

## I. Procedural History

Previously, in *Hatton I*, Nationwide filed a declaratory judgment action against the Hattons in federal court. The Hattons moved to add The Roark Agency, LLC, as a third-party plaintiff. Roark is a local insurance agency that assisted the Hattons in procuring the Nationwide policy at issue in this action. The Hattons argued that Roark was an indispensable party.

The Court concluded that Roark was not an indispensable party but refused to exercise jurisdiction in a declaratory judgment action brought by Nationwide, the natural defendant, against the

2

Hattons, the natural plaintiffs, in an action that implicated issues of state law. *See Hatton I*, 357 F. Supp. 3d at 619-20.

Then, on January 14, 2019, the Hattons filed suit against Nationwide in Montgomery Circuit Court. [DE 1-1 at 1-2, Pg ID 5-6]. Glaringly, the Hattons did not name Roark as a defendant in the state court action. As a result, Nationwide removed the action to this Court based on diversity of citizenship jurisdiction. [DE 1].[1]

Subsequently, on January 28, 2019, the Hattons filed an amended complaint naming Roark as a Defendant in the action. [DE 6]. Contemporaneously, the Hattons filed a motion to remand the action to state court and for attorneys' fees. [DE 9]. Nationwide responded in opposition [DE 11] and filed a motion to dismiss the Hattons' amended complaint because the Hattons filed to seek leave

---

[1] There are minor but crucially important differences in the procedural histories of *Hatton I* and *Hatton II* that are worth noting.

*Hatton I* was a declaratory judgment action filed in federal court by Nationwide against the Hattons seeking a declaration of benefits under an insurance policy. The Court used its discretion and refused to exercise jurisdiction because it appeared that procedural fencing had occurred when the insurance company, Nationwide, the natural defendant in these actions sued the insureds, the Hattons, the natural plaintiffs. *See Hatton I*, 357 F. Supp. 3d at 608-20.

On the other hand, *Hatton II* was initially filed by the Hattons in state court against a diverse party Nationwide. The action was removed like any other diversity action. Then, the Hattons attempted to add Roark as a party after removal. The complaint in *Hatton II* also includes claims for breach of contract.

3

of court to amend the complaint under Federal Rule of Civil Procedure 21 [DE 12]. The motion to remand and motion to dismiss the complaint are pending for a decision from the Court.

But a new issue has arisen. On June 6, 2019, Nationwide and Roark filed motions to dismiss the claims against Roark based, at least partially, on the Hattons' failure to effectuate proper service upon Roark within the ninety-day period outlined in Rule 4(m). [DE 19; DE 20]. The Hattons responded in opposition to the motions to dismiss. [DE 21; DE 22]. Nationwide and Roark replied. [DE 23; DE 24]. As a result, the motions to dismiss based on failure to effectuate service within the time required by the Federal Rules are ripe for review.

## II. Analysis

Rule 4(m) of the Federal Rules of Civil Procedure requires that defendants be served "within ninety (90) days after the complaint is filed." If a defendant is not served within that period, the Rule further provides that:

> the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for the appropriate period.

Fed. R. Civ. P. 4(m). Thus, if the ninety-day period for service has expired the Court must undertake a two-step analysis.

4

First, the Court must determine whether the Plaintiffs have shown good cause for the failure to effectuate service in a timely manner. If they have, then the Court has no discretion, and "the court shall extend the time for service for an appropriate period." *Id.*

Second, if the Plaintiffs have not shown good cause, the Court has discretion to either (1) dismiss the action without prejudice or (2) direct that service by effected within a specified time. *Henderson v. United States,* 517 U.S. 654, 662 (1996); *Kinney v. Lexington-Fayette Urban Cty. Gov't*, No. 5:12-cv-360-KKC, 2013 WL 3973172, at *1 (E.D. Ky. Aug. 1, 2013).

The relevant considerations and the parties' arguments are considered below.

### A. Timeliness of Service

Here, there is no dispute that Roark was served outside of the ninety-day period required by Rule 4(m). The Hattons' amended complaint was filed on January 28, 2019. [DE 6]. Thus, excluding the day when the complaint was filed, the Hattons had until Monday, April 29, 2019, to serve Roark with the amended complaint.

But the Hattons admit that they did not mail the summons and amended complaint to the Greenup County Sheriff until April 24, 2019. [DE 21 at 2, Pg ID 209; DE 21-1]. Moreover, Greenup County Sheriff Deputy Larry Hackworth stated that he did not receive the summons and amended complaint until April 29, 2019. [DE 21-2].

5

Moreover, the proof of service and Deputy Hackworth's affidavit state that Roark was served on May 16, 2019. [*Id.*; DE 20-5]. As such, Roark was not served within the ninety-day time period laid out in Rule 4(m).

### B. Good Cause

Having found that Roark was not served within ninety days of filing of the amended complaint, the Court must consider whether good cause exists for the failure to effectuate service in a timely manner. The Plaintiffs bear the burden of showing good cause. *Bradford v. Bracken Cty.*, 767 F. Supp. 2d 740, 753 (E.D. Ky. 2011) (citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).

Good cause is not defined in Rule 4(m), but the Sixth Circuit has required "at least excusable neglect." *Stewart v. Tenn. Valley Auth.*, 238 F.3d. 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (unpublished table opinion). The excusable neglect standard is strict and can only be met in extraordinary circumstances. *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). When addressing a claim of excusable neglect, the Court must focus on "whether the neglect of [the parties] *and their counsel* was excusable." *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594 (6th Cir. 2002) (alteration and emphasis in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993)). Here,

6

the Hattons submit multiple arguments in opposition to the motions to dismiss.

First, the Hattons argue that the summons and complaint were received by the Greenup County Sheriff on April 29, 2019, "well within the 90-day time period set out in Rule 4(m)." [DE 21 at 6, Pg ID 213]. But this argument is unavailing. The Greenup County Sheriff did not receive the summons and complaint "well within" the ninety-day period for service of process. More accurately, the server of process received the summons and complaint for service on the final day of the ninety-day period for service. The Hattons do not explain why the server of process received the summons so late in the period for service. The reason that Roark was served outside of the ninety-day period seems be solely because counsel did not send the summons until April 24, 2019, and the documents were not received in the mail until April 29, 2019, the final day for timely service. Ultimately, counsel may not submit of problem of his or her own creation as good cause for untimely service.

Second, the Hattons argue that since process has been served, "it would be an empty gesture to dismiss the complaint on these grounds." [*Id.* (citing *Uniloc 2017 LLC v. Box, Inc.*, 1029 WL 1571880, *1 (N.D. Cal. 2019).]. Not so. It is true that some federal courts use their discretion and refuse to dismiss claims when service is made but was untimely. But to say that dismissal

7

would be an empty gesture is not true.  The Federal Rules clearly allow a ninety-day period for service of process.  Parties who treat this rule cavalierly or make halfhearted efforts at serving process within that period do so at their own risk.  The gesture imposed by dismissal of claims due to untimely service of process is to discourage parties from being cavalier with deadlines and to uphold the time limitations imposed by the Federal Rules.

Third, and finally, the Hattons argue that Officer Hackworth was diligent in his efforts to serve Roark and that his affidavit establishes good cause for failure to serve Roark within the ninety-day period.  But that argument highlights why the Hattons have failed to show good cause in this case.  The reason for the untimely service of process was not due to a lack of due diligence on the part of the server of process.  Instead, the delay is due to the fact that the server of process did not receive the summons and complaint until the final day for timely service.  This put the server of process in a bind and requires that he or she rush to serve the documents on the same day that they received them to ensure timely service under the Rule. Officer Hackworth was likely diligent in his efforts to serve process.  But that does not explain why he received the documents for service of process on day ninety of the ninety-day period for timely service.

Ultimately, the facts before the Court indicate that the untimely service in this action was due primarily to mere

8

oversight, inadvertent failure, or halfhearted efforts to serve Roark in a timely manner. Courts have failed to find good cause in these similar scenarios. *See, e.g., Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir. 1991); *Delong v. Arms*, 251 F.R.D. 253, 255 (E.D. Ky. 2008). As a result, the Hattons have failed to meet their burden of showing good cause for their failure to serve Roark in a timely manner.

### C. Whether Dismissal or Permission for Late Service is Most Appropriate

Having found that there is not good cause for the untimely service of Roark, one final consideration remains. The Court must determine whether dismissal without prejudice is more appropriate or whether to use its discretion to permit late service.

Courts in this Circuit has outlined various factors to be considered when deciding whether to dismiss or permit late service, including:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff ... and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Kinney*, 2013 WL 3973172, at *2. These factors are considered below.

First, as the Hattons acknowledge, the first factor is irrelevant now since Roark was served with process.

Second, the Court must consider prejudice to the Defendant. The Hattons argue that Roark will suffer no prejudice other than the "prejudice" in having to defend the suit. But this case is not that simple. Roark was added as a defendant after this case was removed to federal court in an amended complaint. Thus, the determination on dismissal versus permitting late filing may determine whether Roark must defend this action at all. This case is not one where dismissal without prejudice will simply allow the Hattons to refile the action against Roark. Ultimately, if Roark is dismissed, the Hattons must seek leave of court to add Roark as a defendant in the action. Thus, permitting untimely filing of service of process will necessarily prejudice Roark because allowing untimely filing will ensure that Roark has to stay in the action and will likely result in this case being remanded to state court. As a result, this factor weighs in favor of dismissal.

Third, the Court must consider whether Roark had actual notice of the lawsuit. Of course, Roark has actual notice now because Roark was served and attorneys have appeared in the action in Roark's behalf. Still, the third factor uses the past tense, "had," which suggests that the more important question is whether Roark has actual notice of the lawsuit before the time for service expired.

Based on the facts before the Court, there is no indication that Roark had notice of this lawsuit before they were served with untimely service of process. There is no dispute that Roark was formally served with the summons and complaint on May 16, 2019. Even assuming, for the sake of argument, that Roark was aware of a legal dispute between the Hattons and Nationwide or that Roark has notice of the lawsuit in *Hatton I*, that does not indicate that Roark was aware of the lawsuit in *Hatton II*. As such, since there is no indication that Roark had actual notice of this lawsuit before they were served, the third factor weighs in favor of dismissal.

Fourth, the Court must consider whether dismissal of Roark without prejudice would prejudice the Hattons. The Hattons correctly acknowledge that if Roark is dismissed, even without prejudice, that they will have to seek leave of court to add Roark as a defendant. Thus, the Hattons are correct that they will suffer prejudice if Roark is dismissed without prejudice.

Still, any prejudice suffered by the Hattons as a result of the dismissal of Roark is primarily the responsibility of the Hattons themselves. Context matters and this Court need not turn its head to the procedural history of this case when considering whether parties will be prejudiced by dismissal.

A brief review of the procedural history is instructive. In *Hatton I*, the Hattons argued that Roark must be added as an

indispensable party. The Court found that Roark was not indispensable but used its discretion to remand the case to state court. When given the opportunity to file in the action in state court, the Hattons chose not to add Roark as a party, meaning that removal to federal court was proper based on diversity jurisdiction. Of course, as the Plaintiffs, the Hattons are masters of their complaint. Still, the Hattons' failure to add Roark as a party when given the opportunity suggests that they do not believe Roark is an indispensable party and indicates that the primary reason that Roark is being added is to destroy diversity of citizenship and defeat federal court jurisdiction. Simply put, the Hattons likely could have avoided removal to federal court and any arguments about the addition of Roark as a party if they had named Roark in the state court complaint.

Moreover, the Hattons had ninety days to serve Roark and were fully aware of Roark's existence. Again, the reason that Roark was not timely served is primarily, if not solely, due to counsel's failure to send the documents for service to the process server in a timely manner. Thus, even if the Hattons would be prejudiced by dismissal of Roark, they are largely responsible for the situation that results in the prejudice.

Ultimately, the fourth factor weighs in favor of permitting an untimely filing since the Hattons will be prejudiced if Roark is dismissed from the action without prejudice. Still, the Hattons

are not blameless, and at least share in the responsibility for any prejudice that may be caused by dismissal of Roark.

Fifth, the court must consider whether the Plaintiffs made any good faith efforts to effectuate service of process. There is no doubt that counsel for the Plaintiffs sent the documents for service of process to the process server within the time period allowed for service. Still, as the Court has already explained, the effort made at serving process in a timely manner seems more like a halfhearted effort than an effort to ensure service was delivered in a timely manner. Counsel for the plaintiffs mailed the documents for service of process via a letter dated April 24, 2019. [*See* DE 21-1]. Deputy Hackworth stated that he received the documents for service on April 29, 2019, the final day of the ninety-day period for timely service. Counsel should have known that it was likely, based on that limited time frame, that service would not occur until after April 29, 2019. Here, it appears that counsel made a good faith effort to serve Roark, but it does not appear counsel made a good faith effort to ensure that the service would be made within the ninety-day period outlined in Rule 4(m). As a result, the fifth factor weighs in favor of dismissal in this action.

Finally, while not a specific factor, the Hattons make one additional argument that warrants consideration. The Hattons argue that "dismissal would also create additional—and needless—

delays in resolving this matter." [DE 21 at 8, Pg ID 215]. But it is not clear that is the case. If the Court permits untimely filing of service of process, the Court must then determine whether Roark was properly joined in the action, which will take additional time. Furthermore, the addition of Roark in the action, assuming Roark was properly joined in the first instance, will require remanding this action back to state court, which is likely to delay this action further.

Ultimately, the Hattons and Nationwide continue to employ procedural tactics to gain their preferred forum. But at some point, the procedural maneuvering must stop, and the parties must begin addressing the substantive claims in this action. Dismissal of Roark may have the effect of moving this action along since it will allow the parties to discuss scheduling and proceed to discovery and the next stages of the litigation. Thus, it is not clear that dismissal of Roark will result in any needless delays in this action.

In sum, after considering the relevant factors, three of the five factors—the second, third, and fifth—support dismissal of this action with prejudice. The fourth factor, prejudice to the Hattons, supports permitting untimely filing. Still, on balance, the most appropriate action here is dismissal of Roark without prejudice since Roark was not served in a timely manner and there

has been no compelling demonstration of good cause for the failure to effectuate timely service.

### D. Effect on Pending Motions

Lastly, the Court notes that dismissal of Roark without prejudice will impact the pending motions in this matter. First, the Hattons' motion to remand [DE 9] must be denied if Roark is dismissed since the motion relies on Roark destroying diversity of citizenship as a basis for remand. Additionally, the Hattons are not entitled to attorneys' fees because there was a legal basis for removal of this action to federal court since complete diversity existed at the time of removal.

Nationwide's motion to dismiss the second amended complaint [DE 12] is rendered moot since the motion relies on the misjoinder of Roark as the basis for dismissal.

Finally, to the extent that Roark's motion to dismiss [DE 20] moves for dismissal of the Hattons' substantive claims for failure to state a claim, those arguments are rendered moot by Roark's dismissal without prejudice based on failure of timely service.

### III. Conclusion

Having considered the motions to dismiss due to failure to effectuate timely service, and the Hattons' arguments to the contrary, the claims against The Roark Agency, LLC, in the amended complaint must be dismissed without prejudice. Accordingly, **IT IS ORDERED** as follows:

15

(1) Nationwide's motion to dismiss [DE 19] is **GRANTED** and The Roark Agency, LLC's, motion to dismiss [DE 20] is **GRANTED IN PART** and **DENIED IN PART**;

(2) The claims against The Roark Agency, LLC, in the amended complaint are **DISMISSED WITHOUT PREJUDICE** because the Plaintiffs failed to serve Roark within ninety days as required by Federal Rule of Civil Procedure 4(m);

(3) Plaintiffs' motion to remand to state court and for attorneys' fees [DE 9] is **DENIED**; and

(4) Nationwide's motion to dismiss Plaintiffs' second amended complaint [DE 12] is **DENIED AS MOOT**.

This the 17th day of July, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge